UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 04-CV-1568 (JFB)

———————

WILLIAM DUFF,

Plaintiff,

VERSUS

COMMISSIONER OF THE SUFFOLK COUNTY
POLICE DEPARTMENT ET AL.,

Defendants.

———————

MEMORANDUM AND ORDER
September 19, 2006

———————

JOSEPH F. BIANCO, District Judge:

In this civil rights action, *pro se* plaintiff alleges various violations of his civil rights by defendants arising out of his arrest on October 9, 1999. Plaintiff was granted leave to file an amended complaint by the assigned magistrate judge, and on March 7, 2005, an amended complaint was filed. By motion dated April 4, 2005, defendants moved to strike certain portions of plaintiff's amended complaint. For the reasons that follow, the motion is granted.

I. BACKGROUND

At a pre-trial conference on February 17, 2005, Magistrate Judge Orenstein granted plaintiff's motion to amend his complaint, in part, to allow plaintiff to substitute proper names of defendant Erik A. Perelli, and Andrew Kenneally. (*See* Docket # 30.) Magistrate Judge Orenstein recommended that plaintiff's motion to amend be denied as to "John Doe" Supervisor of 5th Precinct ("John Doe"). On March 7, 2005, Judge Seybert adopted Magistrate Judge Orenstein's recommendation in its entirety, as neither party objected to Magistrate Judge Orenstein's report and recommendation. (*See* Order, dated March 7, 2005.)

On March 7, 2005, plaintiff filed an amended complaint. Notwithstanding the Order of the Court, plaintiff added John Doe, and included allegations alleging supervisory misconduct, as well as a new cause of action for "Supervisory Liability and Failure to Intercede." (*See* Am. Compl.)

Thereafter, at a pre-trial conference on December 13, 2005, Judge Seybert referred the motion to Magistrate Judge Orenstein. On January 31, 2006, Magistrate Judge Orenstein held a final pre-trial conference in this case, as well as two related cases, and determined that discovery was completed except for certain party depositions, which are scheduled to be taken in October 2006, prior to the start of trial. On May 12, 2006, Magistrate Judge Orenstein accepted the parties' pre-trial orders for filing, and referred the matter to this Court for trial. Thereafter, this Court set a schedule for depositions and trial. On September 19, 2006, Judge Seybert's referral order was vacated by this Court.

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 12(f), "[u]pon motion made by a party . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(F). "Motions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136, 143 (E.D.N.Y. 1987).

Plaintiff was granted leave to amend his complaint to "substitute proper names of Erik A. Perelli, and Andrew Kenneally as defendants." (*See* docket entry # 30.) Plaintiff was denied leave to amend his complaint to add John Doe. (*See* docket entries # 30, 35.) Plaintiff failed to abide by the Court's Order, and named John Doe in the amended complaint. In addition, plaintiff added several new factual allegations and claims based, apparently, on supervisory liability.

Based upon the Court's ruling denying plaintiff leave to amend as to John Doe, the motion to strike John Doe as a defendant is granted. *See Samuel v. Rose's Stores, Inc.*, 907 F. Supp. 159, 162 (E.D. Va. 1995) (noting motion to strike proper when plaintiff "exceeded the scope of the leave to amend").

Defendants also ask this Court, in addition to striking John Doe as a defendant, to strike certain portions of the amended complaint alleging supervisory liability. That motion is denied. Based on a review of the complaint and the amended complaint, as well as Magistrate Judge Orenstein's minute entry of February 17, 2005, it is not entirely clear to this Court that plaintiff was acting in violation of the Court's Order by adding new facts and new claims to his amended complaint.

In addition, since this motion was filed, the parties have engaged in discovery, depositions are scheduled, and a trial date is set for the near future. Therefore, the only benefit to granting the motion to strike factual allegations and claims alleging supervisory liability, at this juncture, would be to purportedly streamline the trial. Further, the Court has accepted the parties' pre-trial orders, and anticipates both parties will abide by them at trial.

Hence, because there is insufficient evidence to conclude plaintiff violated a direct order of the Court, and because motions to strike are generally disfavored, the motion to strike portions of the amended complaint alleging supervisory liability is denied. *See Reiter's*, 657 F. Supp. at 143; *Gilkes v. City of Clewiston*, 1996 WL 420838, at *2 (M.D. Fla. July 5, 1996) ("Motions to strike on grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "time wasters," and will usually be denied unless the matter sought to be omitted had no possible relationship to the

controversy, may confuse the issues, or otherwise prejudice a party.").

Although plaintiff cannot succeed on a claim alleging supervisory liability because no supervisor is named as a defendant, factual allegations regarding interactions with supervisors could potentially be relevant as to the named defendants and certain claims. However, after the depositions occur, the Court will consider a motion, *in limine*, from defendants, should they seek to exclude or limit the scope of such evidence.

### III. CONCLUSION

For the reasons set forth above, the motion to strike is GRANTED in part and DENIED in part. Specifically, "John Doe," Department Supervisor of Fifth Precinct is stricken as a defendant. The motion to strike paragraph four of the "Statement of Facts," paragraphs thirty-six and thirty-seven of "Count V," and "Count VI" in its entirety is DENIED. Defendant's counsel is directed to provide *pro se* plaintiff with a copy of the Memorandum and Order forthwith.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: September 19, 2006
Central Islip, NY

\* \* \*

Plaintiff is proceeding *pro se*. Defendants are represented by Brian Mitchell, Esq., Suffolk County Attorney's Office, H. Lee Dennison Building, 100 Veterans Memorial Highway, P.O. Box 6100, Hauppauge, New York 11788.